# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DARRYL L. JONES,

 Petitioner,

vs.

BRIAN WILLIAMS, SR., et al,

 Respondents.

Case No. 2:11-CV-01453-JCM-(PAL)

**ORDER**

 Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#5), respondents' motion to dismiss (#7), petitioner's motion for a stay and abeyance (#16), and petitioner's motion to dismiss federal filings without prejudice or stay petition and filings in abeyance (#17). The court finds that petitioner has not exhausted any of his grounds for relief, and the court dismisses this action.

 After a jury trial in state court, petitioner was convicted of five counts of burglary, five counts of forgery, one count of attempted theft, four counts of theft, five counts of obtaining and using the personal identification of another, two counts of grand larceny auto, two counts of obtaining property under false pretenses, and two counts of possession or sale of a document or personal identifying information to establish a false status or identity. Ex. 32 (#10). Petitioner appealed. On November 5, 2010, the Nevada Supreme Court reversed the convictions on both counts of obtaining property under false pretenses and on one count of theft, and that court affirmed the convictions on all other charges. Ex. 41 (#11).

On December 21, 2010, petitioner filed a post-conviction habeas corpus petition in state court. Ex. 45 (#11). The appeal from the denial of that petition is pending in the Nevada Supreme Court, case number 61437.[1]

On March 24, 2011, petitioner filed with the Nevada Supreme Court a petition for a writ of prohibition or mandamus. Ex. 57 (#11). The Nevada Supreme Court denied the petition without deciding on its merits. Ex. 64 (#12).

On June 2, 2011, petitioner filed with the state district court a motion to set aside an order or judgment. Ex. 69 (#12). That court denied the motion. Ex. 73 (#12). Petitioner did not appeal.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

The parties agree that the petition is completely unexhausted. The only disagreement is over what to do with the petition. Petitioner asks the court to stay this action and hold it in abeyance

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=29604 (report generated August 10, 2012).

1 until his state habeas corpus proceedings conclude.  The court has discretion to stay a <u>mixed</u>
2 petition, containing both exhausted grounds and unexhausted grounds.  <u>Rhines v. Weber</u>, 544 U.S.
3 269 (2005).  However, the petition (#5) is not mixed.  It is fully unexhausted, and there is nothing
4 for the court to stay.

5      Furthermore, a stay in this action would not further the purposes of a stay outlined in <u>Rhines</u>.
6 The court may stay an action for a petitioner to avoid the one-year time limit of 28 U.S.C.
7 § 2244(d).  The period of limitation is tolled while state a post-conviction petition is pending.  28
8 U.S.C. § 2244(d)(2).  The period is not tolled while a federal habeas corpus proceeding is pending.
9 <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).  Consequently, it is possible for the one-year
10 period of limitation to expire while a mixed petition is pending in federal court.  Then, if the court
11 dismisses the mixed petition, petitioner exhausts his grounds in state court, and returns to federal
12 court, the new petition would be untimely.  See <u>Rhines</u>, 544 U.S. at 275.  Timeliness is not a
13 problem for petitioner.  The one-year period of limitation does not commence until the judgment of
14 conviction becomes final, which is after the ninety-day period for filing a petition for a writ of
15 certiorari with the Supreme Court of the United States expires.  28 U.S.C. § 2244(d)(1)(A); <u>Jimenez</u>
16 <u>v. Quarterman</u>, 555 U.S. 113, 119-20 (2009); Sup. Ct. R. 13(1).  The Nevada Supreme Court issued
17 its order on direct appeal on November 5, 2010.  The judgment did not become final until February
18 3, 2011.  Petitioner had already filed his state post-conviction petition on December 21, 2010,
19 tolling the one-year period of limitation before it started, and that petition is still pending in state
20 court.  Consequently, no time on the one-year period has passed, and there is no concern that a
21 dismissal of this action would make petitioner's subsequent, post-exhaustion federal petition
22 untimely.

23      Petitioner had submitted a motion to extend prison copy work limit (#2) and an <u>ex parte</u>
24 motion for appointment of counsel (#3).  The court stated that it was denying those motions in an
25 earlier order (#4), but the court left out the actual orders denying those motions.  The court will
26 correct the omission by this order.

27      IT IS THEREFORE ORDERED that petitioner's motion to extend prison copy work limit
28 (#2) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's <u>ex parte</u> motion for appointment of counsel (#3) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for a stay and abeyance (#16) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion to dismiss federal filings without prejudice or stay petition and filings in abeyance (#17) is **GRANTED** in part with respect to the dismissal of this action.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#7) is **GRANTED**. This action is **DISMISSED** without prejudice for petitioner's failure to exhaust his available remedies in state court. The clerk of the court shall enter judgment accordingly.

DATED: August 16, 2012.

_____
JAMES C. MAHAN
United States District Judge