# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DARRYL L. JONES,

    Petitioner,

vs.

BRIAN WILLIAMS, SR., et al,

    Respondents.

Case No. 2:11-cv-01453-JCM-PAL

**ORDER**

    Two motions are before the court. First, petitioner filed a motion to reopen writ of habeas corpus (#24). Respondents oppose (#25) this first motion. Second, petitioner filed a motion to dismiss reopening case without prejudice (#28). Respondents also oppose (#29) this second motion. For the reasons stated below, the court will not reopen this action or grant petitioner's request to move to reopen the action at some later time.

    Petitioner effectively commenced this action on August 23, 2011, when he mailed the petition (#5) to the court. Respondents moved to dismiss (#7) because petitioner had not exhausted his state-court remedies for any of his grounds for relief. Petitioner agreed that none of his grounds were exhausted, but he asked the court to stay the action. The court denied his request for a stay because, with no exhausted grounds, there was nothing for the court to stay, and the court was obliged to dismiss the action. Order (#22). See also Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). The court also noted that timeliness was not an issue because it appeared that no time in the one-year period of limitation of 28 U.S.C. § 2244(d)(1) had passed.

The judgment in this action is final. The court did not stay the action, nor did it leave open the possibility that petitioner may move to reopen the action when he was finished in state court. When petitioner is finished in state court—his motion to dismiss (#28) indicates that state-court proceedings are still pending—he may file a habeas corpus petition pursuant to 28 U.S.C. § 2254 in a new action in this court. The court makes no statement about what procedural defenses, if any, might be applicable to that petition.

IT IS THEREFORE ORDERED that petitioner's motion to reopen writ of habeas corpus (#24) and petitioner's motion to dismiss reopening case without prejudice (#28) are **DENIED**.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a blank form for an application to proceed in forma pauperis for incarcerated litigants and a blank § 2254 habeas corpus petition form with instructions. Petitioner may use these forms to commence a new action in which he either pays the filing fee in full or submits a complete application to proceed in forma pauperis, accompanied by a signed financial certificate and a statement of his inmate account.

DATED: July 5, 2013.

_____
JAMES C. MAHAN
United States District Judge